PERRY D. POPOVICH     SBN: 64938
Attorney at Law
19711 Tollhouse Road
Clovis, CA 93619
Tel: (650) 856-0672
e-mail: perrypopovich@gmail.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>JANICE ROSE HIXON,<br><br>　　　　Debtor | Case No.: 10-62071 ASW<br><br>Chapter 11<br><br>DECLARATION OF PERRY POPOVICH IN SUPPORT OF APPLICATION TO HIRE PROFESSIONAL PERSON<br><br>Date: March 31, 2015<br>Time: 1:45 p.M.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

I, Perry D. Popovich, declare:

1. I am an attorney duly admitted to the Bar of the State of California and of this District of the United States Bankruptcy Court. I have many years of experience in matters of this character, as described below, and consider myself well qualified to represent Debtor in this proceeding.

2. I make this declaration in support of the application for employment of professional persons submitted concurrently herewith, pursuant to 11 U.S.C. §327 and Rule 2014 of the Bankruptcy Rules of Procedure

3. On November 23, 2010, Debtor filed a voluntary petition *in pro per* under Chapter 13 with the Clerk of the above Court.

4. On or around May 20, 2011, I agreed to represent Debtor in this case after discussing with Debtor the need to convert to Chapter 11 in order to carry out a plan for payment of mortgage debt that would extend beyond the five-year limit of a Chapter 13 case. I agreed to provide all services which may be required at the hourly rate of $200.00 for general legal services plus reimbursement of related expenses.

5. Debtor has told me that she is not sufficiently familiar with the law to be able to plan and coordinate the proceedings herein without competent legal counsel.

6. In selecting counsel, Debtor has told me that she made diligent inquiry into the qualifications of the law office of Perry Popovich and has sought consultations from other bankruptcy attorneys. I have been counsel of record in the following Chapter 11 cases involving issues similar to the present case:

a. In re Frimmersdorf, Case No. 11-57442-MEH, over-size Ch. 13 case using combined plan and disclosure statement (disclosure statement approved 09/15/14, plan confirmed 01/08/15), involving cramdown of value of residential investment real estate mortgages and plan approximately 5 years' duration.

b. In re Stern, Case No. 11-63576 (CAEB), oversize Ch. 13 case involving valuation/lien avoidance as to secured tax and other claims, operated under Ch. 11 for 20 months before being converted to Ch 7 and discharged.

c. In re Spjute, Case No. 11-15532 (CAEB), oversize Ch. 13 case involving valuation of tax and other claims, operated under Ch. 11 for 12 months before being converted to Ch 7 and discharged.

d. In re Beach, Case No. 14-54514-MEH, pending over-size Ch. 13 case involving delay of mortgage foreclosure on investment real estate while Ch 11 plan or liquidation of assets is worked out.

e. In re Valley Medical Systems, Inc., Case No. 15-10164 (CAEB), pending business Ch. 11 case involving determination of tax claims and confirmation of plan to repay debt within reasonable period.

f. In re Vaughn, Adversary Proceeding No. 11-0509 (1911-12), contest as to validity and amount of secured mortgage claim involving alleged fraud and banking law violations, dismissed on grounds unrelated to merits of action.

7. My educational background includes B.A. *cum laude*, Stanford University (1966), J.D. Stanford Law School (1969), and various MCLE courses in bankruptcy topics over the years, most involving use of the internet for topical legal research from www.Lawworm.com.

8. I have reviewed my business records and, to the best of my information and belief, I:

a. do not represent or hold any interest adverse to the debtor or to the estate other than the representation of the debtor and upon granting of this application, the estate, in this action.

b. do not hold or represent any interest adverse to the Debtor or his estate, or have any relationship or connection with respect to, any of his creditors, any other parties in interest, their respective attorneys and accountants, or the Chapter 13 Trustee or the U.S. Trustee or any employee of their offices.

9. The debtor has entered into an agreement with Perry D. Popovich for representation regarding this Chapter 11 proceeding, including advising debtors of their rights and duties, and providing such other services as may be appropriate in accordance with the provisions of the Bankruptcy Code. A copy of the agreement is attached as Exhibit "A" hereto. The terms of the agreement include providing general legal services at the rate of $200.00 per hour plus reimbursement of out-of-pocket expenses. The sum of $2,000.00 was paid to the attorney on or about May 20, 2011, prior to the filing of this Application, of which $1,000.00 was used to pay for services pre-conversion to Chapter 11 and the balance is held as a retainer for legal services to counsel debtors under Chapter 11, to gather the information necessary to file amended forms and schedules herein, to prepare and file a Chapter 11 plan and disclosure statement and related documents, to object to unwarranted claims and file motions or adversary proceedings as appropriate, and to appear at meetings and hearings related to these proceedings. At this date there remains $1,000.00 unused retainer balance.

10. I understand that I cannot share any compensation with attorneys other than members of my firm unless said professionals are also approved by this Court. I do not have any agreement to share compensation with other attorneys in this matter.

11. I understand that I must make application to the Court for approval of my fees and expenses.

I swear under penalty of perjury that the foregoing statements are true to the best of my information and belief, and that this declaration was made February 17, 2015, at Clovis, California.

                                            /s/ Perry D. Popovich
                                          PERRY D. POPOVICH, Attorney at Law

# ATTORNEY/CLIENT FEE AGREEMENT  (U.S. BANKRUPTCY COURT)

THIS WRITTEN FEE AGREEMENT is entered into by and between JANICE ROSE HIXON (Client), and PERRY D. POPOVICH, Attorney at Law ("Attorney"), having his business offices at 19711 Tollhouse Road, Clovis, CA 93619. Tel: 650-856-0672.

1. This agreement is required by Business and Professions Code section 6148 and is intended to fulfill the requirements of that section.

2. SCOPE OF AGREEMENT: Client hires Attorney to provide legal services to Client in connection with the filing of a petition in the U.S. Bankruptcy Court. Services to be rendered are:

   a. Analysis of the financial situation, and rendering advice and assistance to Client in determining whether to file a petition under the Bankruptcy Code and if so, whether to file under Chapter 7, Chapter 11 or Chapter 13

   b. Preparation and filing of petition, statement of affairs, schedules and other documents as applicable;

   c. Attendance at hearings before a Bankruptcy Trustee or Judge in connection with Client's petition and other documents or proceedings;

   d. Prepare pleadings, applications, objections, negotiate with creditors, and conduct examinations incidental to administration of the estate;

   e. Advise and represent Client in connection with all applications, motions or complaints for reclamation, adequate protection, relief from stay, appointment of a trustee or examiner, and all other similar matters;

   f. Advise and assist Client in the formulation and presentation of a Plan pursuant to Chapter 11 or Chapter 13 of the Bankruptcy Code and concerning any and all matters relating thereto;

   g. Assist Debtor to remove, avoid or reduce claimed liens of creditors which secure an interest in real or personal property of the Debtor.

   h. Perform any all other legal services incident and necessary herein.

3. RESPONSIBILITIES OF ATTORNEY AND CLIENTS. Attorney will perform the legal services called for under this agreement, keep Clients informed of progress and developments, and respond promptly to Clients' inquiries and communications. Clients will be truthful and cooperative with Attorney, keep Attorney reasonably informed of developments and of Clients' address, telephone number, and whereabouts; and timely make any payments required by this agreement. The parties also agree to follow the guidelines set forth in the attached "Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys" issued by the U.S. Bankruptcy Court, which also includes guidelines for attorney's fees in Chapter 13 cases.

4. ATTORNEY'S FEES.  Clients will pay Attorney for the legal services provided under this agreement at the hourly rate of $200.00 per hour, but not to exceed the amounts listed in the attached Chapter 13 Fee Guidelines issued by the U.S. Bankruptcy Court, Northern California District, unless approved by the Bankruptcy Judge..

Clients acknowledge that Attorney has made no promises about the total amount of attorney's fees to be incurred by Clients under this agreement, but Attorney estimates that Chapter 13 case, including motions to reduce liens on Bakersfield Real Property, would be about $3,000, and that Chapter 11 case would be about $5,000.  Extra fees would be required to represent Debtor to resolve Finch law-suit in State Court, if Debtor wishes to hire Attorney to represent her in that matter.

6. COSTS AND EXPENSES.  Clients will pay all costs and expenses reasonably incurred in connection with Attorney's representation of Clients under this agreement.  Costs will be advanced by Attorney and then billed to Clients unless the costs can be met out of client deposits that are applicable toward costs.  Costs include but are not limited to court filing fees, deposition costs, expert fees and expenses, investigation costs, long-distance telephone charges, messenger service fees, photocopy expenses, and process server fees.

7. DEPOSIT FOR FEES AND COSTS.  Clients will pay to Attorney an initial deposit of $2,000.00, on or before May 20, 2011, to be deposited in Attorney's client trust fund account.  Clients authorize Attorney to withdraw funds from the trust account to pay attorney's fees and costs as they are incurred by Clients.  Any fees in excess of this amount will be paid only upon approval of the Bankruptcy Judge in conjunction with Client's Chapter 11 or Chapter 13 Plan.  Client will be responsible to pay court filing fee to convert case to Chapter 11 if debts are too large for Chapter 13.

8. STATEMENTS AND PAYMENTS.  Attorney will send Clients monthly statements indicating attorney's fees and costs incurred and their basis, any amounts applied from deposits, and any current balance owed.  If no attorney's fees or costs are incurred for a particular month, or if they are minimal, the statement may be held and combined with that for the following month.

9. EFFECTIVE DATE OF AGREEMENT.  The effective date of this agreement will be the date when it is executed by the second of the parties by their signatures below.

Dated: _____        _____
                                                                    Client


Dated: _____        _____
                                                                  Attorney